# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OBSIDIAN SPECIALTY INSURANCE
COMPANY,

        Plaintiff,

v.                                    Case No:   6:24-cv-2255-PGB-LHP

THE SOUTHEAST RESTORATION
GROUP, INC. and WILMER
GONZALEZ,

        Defendants

## ORDER AND ORDER TO SHOW CAUSE

This cause comes before the Court on Plaintiff's Motion for Default Judgment Against Defendants The Southeast Restoration Group, Inc. and Wilmer Gonzalez Pursuant to Federal Rule of Civil Procedure 55(b).  Doc. No. 24.  On review, the motion (Doc. No. 24) will be **DENIED without prejudice** as Plaintiff has not adequately alleged or otherwise demonstrated that the Court has subject matter jurisdiction in this case.

I.     BACKGROUND.

On December 11, 2024, Plaintiff Obsidian Specialty Insurance Company, Inc. filed a Complaint for Declaratory and Further Relief against Defendants The

Southeast Restoration Group, Inc. ("Southeast") and Wilmer Gonzalez ("Gonzalez"). Doc. No. 1. Plaintiff seeks a declaratory judgment that it has no duty to defend nor indemnify Southeast in a lawsuit filed by Gonzalez against Southeast in state court. *Id.* ¶¶ 22–27; *see also* Doc. No. 1-1 (copy of state court complaint). Plaintiff is currently defending Southeast in the state court action due to an insurance policy issued to Southeast by Plaintiff and pursuant to a reservation of rights. Doc. No. 1 ¶¶ 13, 21, 25. Plaintiff includes Gonzalez in this case to bind him to any declaratory judgment. *Id.* ¶¶ 25–28. Given that neither Defendant has appeared in this case, Plaintiff has obtained Clerk's defaults, Doc. Nos. 20, 23, and Plaintiff now seeks default judgment. Doc. No. 24.

## II.  ANALYSIS.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief

may be granted. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1] *See also Jenkins v. Santiago*, No. 3:11-cv-1082-J-34JBT, 2012 WL 3242354, at *3 (M.D. Fla. Aug. 8, 2012) ("Even when a default has been entered, Plaintiff must establish proper grounds for a default judgment by showing that the Complaint adequately establishes subject matter jurisdiction over this action and sufficiently states a claim for relief against Defendants as to each count for which a default judgment is sought.").

As relevant here, Plaintiff asserts that the Court has subject matter jurisdiction based on the diversity of citizenship of the parties and pursuant to 28 U.S.C. § 1332(a)(1). Doc. No. 1 ¶ 5; Doc. No. 24 ¶ 18. Under 28 U.S.C. § 1332, the Court has original jurisdiction over a civil action where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the matter is between citizens of different states. 28 U.S.C. § 1332(a).

Plaintiff adequately alleges that the parties are diverse in citizenship. Doc. No. 1 ¶¶ 2–4 (stating that Plaintiff is a citizen of Delaware and New York and Defendants are both citizens of Florida). However, as to the amount in controversy, in the complaint, Plaintiff states only that "the amount in controversy

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

exceeds $75,000 exclusive of interest and costs." *Id.* ¶ 5. Plaintiff provides no further information for the amount in controversy in this case. In the motion for default judgment, Plaintiff simply repeats that "the amount in controversy exceeds $75,000 exclusive of interest and costs," without further discussion. Doc. No. 24 ¶ 18.

When an insurer seeks a declaration that it has no duty to defend nor indemnify an insured in an underlying lawsuit, the amount in controversy is determined by examining the following factors: "(1) the coverage limits under the insurance policy; (2) the amount of damages sought in the underlying lawsuit; and (3) the pecuniary value of the obligation to defend the underlying lawsuit." *S.-Owners Ins. Co. v. Maronda Homes, Inc. of Fla.*, No. 3:18-cv-1305-J-32MCR, 2019 WL 2929715, at *2 (M.D. Fla. July 8, 2019) (quoting *Clarendon Am. Ins. Co. v. Miami River Club, Inc.*, 417 F. Supp. 2d 1309, 1316 (S.D. Fla. 2006)).

None of these factors are addressed in the motion for default judgment or in the complaint. Doc. Nos. 1, 24. Plaintiff submits the underlying state court complaint, but that pleading merely alleges that damages exceed $50,001.00, exclusive of interest and costs. Doc. No. 1-1, at 6 ¶ 1. Plaintiff also attaches the insurance policy to the complaint. Doc. No. 1-2. Although the policy appears to have an aggregate limit of $2,000,000.00 and an occurrence limit of $1,000,000.00, Doc. No. 1-2, at 10, Plaintiff makes no mention of the policy limits in either the

motion for default judgment or the complaint. Doc. Nos. 1, 24. Moreover, "[w]hile a low policy limit may be relevant in showing that the monetary value of the action to the insurer does not reach the jurisdictional threshold, . . . a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit." *Maronda Homes*, 2019 WL 2929715, at *2 (M.D. Fla. July 8, 2019) (quoting *Emp'rs Mut. Cas. Co. v. Parker Towing Co.*, No. CIV.A.07-0684-WS-B, 2007 WL 4577705, at *2 (S.D. Ala. Dec. 27, 2007)); *see also Amerisure Ins. Co. v. Island Crowne Devs., L.C.*, No. 6:10-cv-221-Orl-28DAB, 2010 WL 11626694, at *2 (M.D. Fla. Apr. 28, 2010) ("[A] showing that the policy amount exceeds $75,000 does not in and of itself establish that the amount in controversy requirement has been met because the value of the underlying claim may be for less than the policy limits[.]" (citing *Hartford Insurance Group v. Lou-Con. Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) ("[I]n declaratory judgment cases that involve the applicability of an insurance policy to a particular occurrence, the jurisdictional amount in controversy is measured by the value of the underlying claim—not the face amount of the policy.")).

In sum, Plaintiff's allegations as to the amount in controversy "are bare-bones, conclusory, and, as such, deficient." *AIX Specialty Ins. Co. v. Gong Invs., LLC*, No. 6:21-cv-1886-ACC-DCI, 2022 WL 22902249, at *2 (M.D. Fla. May 10, 2022) (citing *Progressive Mountain Ins. Co. v. Middlebrooks*, 805 F. App'x 731, 737 (11th Cir. 2020)

("[C]onclusory allegations that the amount in controversy is satisfied does not suffice and courts should demand evidence supporting jurisdiction.")).

## IV. CONCLUSION.

Based upon the foregoing, Plaintiff's Motion (Doc. No. 24) is **DENIED without prejudice**.  It is **ORDERED** that within **twenty-one (21) days** of this Order, Plaintiff shall file a renewed motion for default judgment that establishes, with evidence in support, that this Court has subject matter jurisdiction over this case.   The renewed motion must be a stand-alone document, must address all other issues relevant to default judgment (including liability and requested relief), and may not incorporate by reference the prior motion.   *See* Local Rule 3.01(f).   **Failure to file a renewed motion by this deadline will result in a recommendation that this case be dismissed for lack of subject matter jurisdiction without further notice.**

**DONE** and **ORDERED** in Orlando, Florida on June 18, 2025.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties